KAY, Respondent, vs. JANSEN, Appellant.

*January 31 — February 23, 1894.*

*Libel.*

The words, "We know the tree by the fruit," published of and con-
cerning the mother of a boy who had been committed to the state
industrial school, were alleged, in an innuendo, to mean that the
son, being at said school, was therefore a vagrant or a criminal,
or incorrigible or vicious in conduct, and that the mother was like-
wise a vagrant or a criminal, or incorrigible or vicious in conduct.
*Held*, that the words were susceptible of the meaning so ascribed
to them, and, with that meaning, were libelous.

APPEAL from the Circuit Court for *Dodge* County.

Libel. The complaint alleges, in substance, that the
plaintiff is the mother of Duncan Kay, who was committed
to the Wisconsin Industrial School for Boys, August 15,
1893, and is still an inmate thereof; that plaintiff was a
tenant of defendant at that time and up to September 1,
1893; that defendant, knowing these facts, on the 15th day
of September, 1893, maliciously published on two large
placards on either side of his express wagon, and for many
days carried the same through the principal streets of Wau-

Kay vs. Jansen.

pun, a false and scandalous libel of and concerning the plaintiff, as follows: "We know ฺthe tree by the fruit" (meaning thereby to charge that the said son of the said plaintiff was at the Wisconsin Industrial School for Boys, at Waukesha; he was therefore a vagrant or a criminal, or incorrigible or vicious in conduct; and that she, the said plaintiff, was likewise a vagrant or a criminal, or incorrigible or vicious in conduct). "*Roxy Kay*" (meaning the plaintiff), "she don't pay" (meaning thereby to charge that the plaintiff was and is a person who does not pay her debts). "No perfume sold at my house" (meaning thereby to charge that the said plaintiff was filthy, and left his — the defendant's — house in a filthy condition). General damages in the sum of $5,000 are alleged, but no special damage is claimed.

A general demurrer to the complaint was stricken out as frivolous, and defendant appeals.

For the appellant there was a brief by *S. J. Morse*, attorney, and *James J. Dick*, of counsel, and oral argument by *Mr. Dick*.

For the respondent the cause was submitted on the brief of *E. D. Doney* and *C. E. Hooker*.

WINSLOW, J. The demurrer was properly stricken out. The first sentence charged to have been published on the placards was, under the facts stated by way of inducement, fairly susceptible of the opprobrious meaning ascribed to it in the innuendo. If so, it was clearly libelous, because it tended to bring the plaintiff into public ridicule, contempt, and hatred. *Solverson v. Peterson*, 64 Wis. 198.

As to the second sentence, it may be doubtful whether it can be held libelous, in the absence of an allegation that plaintiff was a merchant or trader, but it is unnecessary to decide that question.

*By the Court.*— Order affirmed.